IN THE UNITED STATES DISTRICT COURT OF THE
MIDDLE DIVISION, TAMPA FLORIDA

ONAS SANTIAGO,
    Plaintiff,

v.                                   Case No. 8:17cv2971T33AAS

MUNCHIES PET OF NEW TAMPA, INC.
TEXT TAMPABAY, LLC
    Defendant,

## COMPLAINT FOR STATUTORY DAMAGES UNDER 47 U.S.C. § 227 *et. seq.*, THE TELEPHONE CONSUMER PROTECTION ACT

## INTRODUCTION

The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et. seq.* was established in 1991. The intent of Congress was to protect the privacy interest of telephone subscribers by restricting unsolicited telemarketing texts/calls, particularly, by calls/text using an automatic telephone dialing systems (ATDS).

Senator Fritz Hollings, the original bill's sponsor, stated:

> *"calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.... These calls are a nuisance and an invasion of our privacy."* **(Congressional Record – Senate Proceedings and Debates of the 102nd Congress, First Session. July 11, 1991, 137 Cong. Rec. S9840, S9874.)**

1

1. Onas Santiago (referred to as Santiago or Plaintiff) brings this action for damages, injunctive relief, and any other legal remedies resulting from the unlawful actions of Munchies Pet of New Tampa, Inc. (referred to as MUNCHIES), and any third party acting in behalf of MUNCHIES, in negligently, willfully and/or knowingly sending about (15) telemarketing or advertising text messages to SANTIAGO's cellular telephone number without the Plaintiff's prior express **_written_** consent. The texts messages were not addressed to SANTIAGO; the unlawful telemarketing or advertising text messages content were generic in nature, offering discounts and special sales of MUNCHIES' products.

2. Upon information and belief, the telemarketing and/or advertising text messages were sent *"en masse"* using an automatic telephone dialing system (ATDS) with the capacity to generate, store, produce and dial telephone numbers without human intervention.

## JURISDICTION AND VENUE

3. Federal courts have jurisdiction over suits arising under the TCPA. See: *Mims v. Arrow Fin. Servs., LLC 132 S. Ct. 740, 745 (2012).*

4. Venue is proper in this district because the events, omissions, or injuries giving rise to Plaintiff's cause of action against the Defendants occurred within Pasco County, Florida.

## PARTIES

5. Plaintiff is, and at all times relevant to this action was, a Florida resident of Pasco County and a "person" as defined under 47 U.S.C. § 153.

6. Upon information and belief, the Defendant, MUNCHIES, is a Florida corporation with their principal address at 640-1726 Bruce B. Downs Blvd. Ste 1722 Wesley Chapel, FL 33543

7. Upon information and belief, Text TampaBay, LLC is a Florida Limited Liability Corporation located at 10510 Coral Key Ave. Tampa, FL 33647.

8. . The Defendant are, and at all times relevant to this action were, a *"person"* as define under 47 U.S.C. § 153.

## FACTUAL ALLEGATIONS

9. On or about April 2017, plaintiff visited the MUNCHIES store located in Oldsmar, FL. The cashier asked the Plaintiff if he wanted to join the store's rewards program for discounts on future purchases. The cashier then asked the Plaintiff for his cell number, which the Plaintiff provided orally.

10. Even though the Plaintiff provided his cellular number orally, he did not consent, in *writing*, to receive telemarketing and/or advertising text messages to his cellular phone, especially, text messages sent by an automatic telephone dialing system.

11. Plaintiff believes that the employee added the Plaintiff's cellular number to a database or a list of customer's numbers which were then dialed by an automatic telephone dialing system (ATDS) sending telemarketing/advertising text messages, without human intervention.

12. Defendant's employee did not disclose that automated telemarketing calls or text messages were going to be sent to Plaintiff's cell phone using an ATDS.

13. Defendants did not obtain Plaintiff's *written* consent before sending telemarketing text messages to Plaintiff's cellular number.

14. FCC's regulations state that a telemarketing consent agreement must include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory

3

telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement or agree to enter into such an agreement as a condition of purchasing any goods, or services 47 C.F.R. § 64.1200(f)(8)(i).

13. On the first week of April 2017, the Plaintiff received the first of fifteen (15) telemarketing and/or advertising text messages. The first unlawful telemarketing/advertising text message was not addressed to the Plaintiff by name and the text message's content was generic. The text message was sent from a short-code number (496-54), these short-codes numbers are generally used by telemarketers to send telemarketing/advertising text messages *en masse*, sending text messages by the hundreds or thousands, by using an automatic telephone dialing system (ATDS).

14. The first text message stated *"You joined the Munchieoldsmar Alerts. 6 msg/mo Msg & Data Rates May Apply. Reply STOP to cancel, HELP for help. Pwd by TextTampaBay.*



15. All subsequent text messages, as seen above, were telemarketing/advertising text messages as defined under the TCPA. The second and all subsequent telemarketing/advertising text messages were promoting "Natural Pet Foods" products with different sale discount prices.

5

*16.* All subsequent unlawful text messages sent were promoting or advertising MUNCHIES' products with discounted sale prices.

*17.* Plaintiff states that these unsolicited and unlawful text messages were an invasion of his privacy. These unlawful text messages depleted Plaintiff's cellular telephone battery and occupied space of the limited storage capacity of Plaintiff's cellular telephone.

*18.* Furthermore, these text messages were a dangerous distraction because some of the text messages were received while the Plaintiff was driving and could have cause an accident.

*19.* Plaintiff's cellular number is linked to a monthly subscription where he pays for cellular services and a limited amount of data services. These unsolicited text messages used a portion of Plaintiff's *limited* data plan and caused unnecessary expenses to the Plaintiff.

## CAUSE OF ACTION

*20.* Plaintiff re-alleges and incorporates by reference each and every allegation set forth in this Complaint.

21. The foregoing acts and omissions, as alleged, are a direct violation of the TCPA. Defendant were and are aware of the TCPA requirements and intentionally violated the law in an effort to maximize their marketing strategy. Defendants violations were willful and/or knowing.

22. Plaintiff is entitled to 500.00 per each violation pursuant to 47 U.S.C. § 227(b)(3) for each and every telemarketing text message received without Plaintiff's prior express *written* consent.

23. Treble damages for each text message that this Court finds that was sent willfully and/or knowingly.

## PRAYER FOR RELIEF

*24.* **WHEREFORE,** Plaintiff prays for the following relief:

Judgment in favor of the Plaintiff for each unlawful telemarketing text message that the Defendant sent to the Plaintiff's cellular number without the required prior express *written* consent to do so.

25. Treble damages for each and every willful and/or knowing violation.

26. Such further relief that this Court deems fit and proper.

27. Demand for Jury Trial on all claims alleged.

DATED: December 08, 2017

Respectfully Submitted,

Onas Santiago
16213 Coastal Plain Drive
Spring Hill, FL 34610
cisco32808@gmail.com

7

Onns Burges
16213 Coastal Plant Dr
Springs Hill, FL 34610

USDC Tampa
801 N. Florida Ave
Tampa, FL 33602